Joseph **CONFORTE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19359.

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1964.

---

1. See 3 Davis, Administrative Law Treatise § 27.10 (1958).

2. Wright, Federal Courts § 48, p. 159, 161 (1964).

Burton Marks, Beverly Hills, Cal., for appellant.

John W. Bonner, U. S. Atty., Merlyn H. Hoyt, Asst. U. S. Atty., Reno, Nev., for appellee.

Before HAMLIN, JERTBERG and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

On May 29, 1962, in the United States District Court for the District of Nevada, Joseph Conforte, appellant herein, was charged by indictment in three counts with wilfully and knowingly attempting to defeat and evade income taxes for the years 1956, 1957 and 1958. Appellant was represented throughout the proceedings under the indictment by competent counsel of his own choice. After a plea of not guilty to all counts, appellant was tried before a jury which on February 14, 1963, was unable to agree upon a verdict, was dismissed, and a mistrial declared. Between then and June, 1963, appellant's counsel and the Assistant United States Attorney engaged in discussions in an attempt to settle the case on the basis of a plea of guilty or *nolo contendere*. Early in June conferences were held with the Assistant United States Attorney, appellant, his counsel, and the district judge in attendance. During the conferences the appellant's counsel sought to obtain a commitment from the judge with respect to the sentence which would be imposed in the event the appellant plead guilty to one count of the indictment. The judge expressly refused to commit himself. On June 10 appellant's petition to change his plea to guilty as charged in Count I was accepted by the court, and on June 11 the district judge sentenced appellant to three years' imprisonment, recommending that the sentence run concurrently with a state court sentence then being served by appellant. The govern-

ment's motion to dismiss Counts II and III was granted.

On March 5, 1964, appellant filed a motion pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure [1] to set aside a plea of guilty and a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence in the United States District Court for the District of Nevada. After an evidentiary hearing, the district judge denied both motions. From this order appellant appeals, invoking the jurisdiction of the court under 28 U.S.C. § 2255 and Rule 32(d) of the Federal Rules of Criminal Procedure. The sole issue on this appeal is whether the district court erred in denying appellant's motions.

The appellant's major contention is that his plea of guilty was induced by assurances from his attorneys that if he pleaded guilty he would receive a one-year prison sentence to run concurrently with that which he was serving and a fine of $1000.

The district judge made detailed findings of fact which include findings that appellant was represented throughout the proceedings by competent and able counsel of his own choice; that in the conferences between the United States Attorney, defendant, his counsel and the judge, the judge clearly and unequivocally refused to commit himself as to the sentence; that on the morning of June 10, 1963, in the presence of appellant, his counsel, appellant's wife, and the United States Attorney, the judge stated that if appellant offered a plea of guilty it must be because he is guilty and "that there are no qualifications to it; that it must be voluntarily and understandingly offered, with knowledge that the maximum possible punishment was five years imprisonment and $10,000 fine; that he could not indicate what the sentence would be because he did not know himself"; that at noon on June 10, 1963, the

---

1. Rule 32(d). "Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

court convened and the appellant orally and in writing affirmed his guilt of the charge and stated that his plea of guilty was voluntarily offered; that each of his attorneys confirmed appellant's statements orally in open court and in the written petition to change a plea; that the plea of guilty was accepted and entered and the government thereupon moved to dismiss Counts II and III of the indictment; that on June 11, 1963, after an extended hearing with respect to the sentence to be imposed, the court sentenced the defendant for a term of three years and recommended that the sentence run concurrently with the state court sentence then being served by appellant. The district court made further findings of fact which are set out in the margin.[2] The district court further made the following conclusions of law:

"1. No injustice, manifest or otherwise, resulted from the acceptance of defendant's plea of guilty and the judgment of conviction and plea of guilty should not be set aside.

\*    \*    \*    \*    \*

"3. The sentence was not imposed in violation of the Constitution or laws of the United States; the Court had jurisdiction to impose the sentence; the sentence was not in excess of the maximum authorized by

law; and the sentence was not subject to collateral attack."

We have examined the transcript of the proceedings before the district judge, and we hold that the findings of the district judge and his conclusions of law are fully substantiated by the evidence in the record.

Judgment affirmed.

2. "11. It is not true that the defendant was not guilty of the offense charged in Count I of the Indictment, and it is not true that defendant believed himself to be not guilty of such charge when he entered his plea of guilty thereto or that he does now believe himself not guilty of such charge.

"12. It is not true that the Assistant United States Attorney practiced any fraud or deception upon defendant or made any misrepresentations to defendant's attorneys. It is not true that the Assistant United States Attorney told defendant's attorneys that he would recommend to the Court the imposition of a sentence of one year in the Federal Penitentiary and a fine of $1,000, and that the sentence would run concurrently with the Nevada State Prison sentence. It is not true that any of the defendant's attorneys so informed the defendant or

in any way had promised or guaranteed the defendant that his prison sentence would not exceed one year.

"13. It is true that defendant believed himself to be guilty of the charge contained in Count I of the Indictment when he entered his plea of guilty thereto. It is true that the defendant entered the plea voluntarily and of his own free will, uninfluenced by promises of leniency, benefit or reward. It is true that defendant was fully aware and cognizant of all the possible consequences of the entry of the plea of guilty, and knew that the matter of the sentence to be imposed was solely within the province of the sentencing Judge.

"14. It is true that defendant hoped that the Judge would not impose a prison sentence in excess of one year and that he was disappointed in the sentence imposed."